#### ELLIOTTE v. LAVIER.

1. PARTNERSHIP—SERVICE OF PROCESS ON ONE PARTNER.
   Service of process on one partner would support judgment against both partners and execution against the separate estate of the partner served and the partnership estate (3 Comp. Laws 1929, §§ 14513, 14554).

2. PROCESS—COMMON PLEAS COURT—CIRCUIT COURT—CONSTABLE.
   Return of service of process by constable in husband's action in common pleas court for loss of wife's services because of injuries to her inflicted due to negligence of defendants' employee was by officer's certificate whereas his return of service of summons in wife's action in circuit court for her injuries was by affidavit of service as an individual, as a constable is an officer of the common pleas court but not of the circuit court.

3. PLEADING—JURISDICTION—MERITS—SERVICE OF PROCESS.
   A plea to the jurisdiction is founded on the hypothesis that there was no service of process upon the defendant while a plea to the merits proceeds on the assumption that he had been served.

4. APPEAL AND ERROR—STATEMENT OF QUESTIONS INVOLVED—QUESTIONS REVIEWABLE.
   A matter not set forth in or necessarily suggested by the statement of questions involved in the appellant's brief will not be considered by the Supreme Court on appeal (Court Rule No. 67, § 1 [1933]).

5. EVIDENCE—HEARSAY—ADMISSIONS—DECLARATIONS AGAINST IN-
   TEREST.

   Testimony of survivor of two partners, principal defendants,
   in garnishment proceeding, as to what deceased had told him
   relative to process which deceased had claimed had not there-
   tofore been served upon him was properly excluded as simple
   hearsay and was not within either the exception to the hearsay
   rule relating to admissions or exception as to declarations
   against interest.

6. SAME—HEARSAY—ADMISSIONS.

   Admissions, as that term is used in admitting hearsay evidence,
   are statements made by or on behalf of a party to the suit
   in which they are offered which contradict some position as-
   sumed by that party in that suit and are substantive evidence
   for the adverse party but never for the party by whom or on
   whose behalf they are supposed to have been made.

7. SAME—HEARSAY—DECLARATIONS AGAINST INTEREST.

   "Declarations against interest," as that term is used in ad-
   mitting hearsay evidence, are statements which, when made,
   conflicted with the pecuniary interest of the person making
   them, who need not have been party, privy or witness to the
   suit in which they are offered.

8. APPEAL AND ERROR—HEARSAY—MATTERS EQUALLY WITHIN
   KNOWLEDGE OF DECEASED—QUESTIONS REVIEWABLE.

   Whether or not surviving partner's testimony of a conversation
   he had had with deceased partner upon whom service of proc-
   ess is alleged to have been had was inadmissible under statute
   relative to matters equally within knowledge of deceased
   persons is not decided where testimony was inadmissible as
   hearsay under the common law (3 Comp. Laws 1929, § 14219).

Appeal from Wayne; Callender (Sherman D.),
J. Submitted June 3, 1941. (Docket No. 15, Calen-
dar No. 41,495.) Decided October 6, 1941.

Garnishment proceedings by Margaret Elliotte
against Thomas H. Lavier and Harvey Gale, co-
partners doing business as Lavier & Gale, principal
defendants, and Lincoln Mutual Casualty Company,
a Michigan corporation, garnishee defendant. Judg-
ment for plaintiff. Garnishee defendant appeals.
Affirmed.

*Mahlon J. MacGregor,* for plaintiff.

*Stewart A. Ricard,* for garnishee defendant.

BUTZEL, J.    Margaret Elliotte was injured by the negligence of an employee of Lavier & Gale, copartners, and principal defendants herein.    Her husband sued in Detroit common pleas court and recovered judgment for loss of her services.    She sued in Wayne circuit court for $12,000 for personal injuries.    The same process server in his returns stated that he served summonses in each case on the same day, September 26, 1939, by delivering copies thereof to Thomas H. Lavier, one of the copartners and principal defendants.    No service was ever made on Harvey Gale, the other copartner and principal defendant, but the service on Lavier would support judgment against both parties (3 Comp. Laws 1929, § 14513 [Stat. Ann. § 27.1439]) and execution against the separate estate of Lavier and the partnership estate (3 Comp. Laws 1929, § 14554 [Stat. Ann. § 27.1519]; *Smith* v. *Runnells,* 94 Mich. 617, 619).    Being a constable, the process server was an officer of the common pleas court but not of the circuit court (*People* v. *Moore,* 2 Doug. [Mich.] 1), therefore his return of the common pleas summons was by officer's certificate, while his return of the circuit court summons was by affidavit of service as an individual.

Lavier & Gale never appeared in the circuit court suit.    Plaintiff (Margaret Elliotte) after recovering default judgment against them, January 12, 1940, sued out the present writ of garnishment against the Lincoln Mutual Casualty Company as garnishee defendant.    In its disclosure, garnishee pleaded alternatively to the jurisdiction and to the merits. These two pleas are mutually exclusive, since the

plea to the jurisdiction is founded on the factual hypothesis that Lavier was not served in the circuit court suit, while the plea to the merits proceeds on the contrary assumption that he had been. The gist of the former plea is that, since "some sort of service as to the principal defendant" is a jurisdictional prerequisite to maintenance of garnishment proceedings, the court lacked jurisdiction of the present garnishment suit (*People, ex rel. McCloskey,* v. *Wayne Circuit Judge,* 26 Mich. 100); the tenor of the latter plea is that by failing to forward the process served on him Lavier breached an explicit condition subsequent in the insurance policy, cutting off any liability thereon on the part of appellant garnishee. The plea to the merits is "not set forth in or necessarily suggested by the statement of questions involved" in appellant's brief, and will not be considered (Court Rule No. 67, § 1 [1933]; *Sebastian* v. *Sherwood,* 270 Mich. 339, 342, 343). We shall confine our attention to the sole question therein stated to be involved, which is:

"In the trial of a garnishment issue, is the testimony of the surviving defendant partner of principal defendants usable where it covers a conversation between the surviving and deceased partners?
"The trial court answered 'No.'
"Appellant contends the answer should be 'Yes.'"

The conversation alluded to was between Lavier and Gale, and took place before July 9, 1940, when Lavier died. Had Gale been allowed to testify as to what was said, he would have testified: (1) that Lavier had received a copy of a letter written by garnishee's attorney to plaintiff's attorney, in which the writer stated that he had been informed by Lav-

ier that Lavier had not been served in the circuit court suit, and that Lavier told Gale that he (Lavier) acquiesced in the tenor of said letter; (2) that Lavier delegated Gale to go to garnishee's office and again inform garnishee that Lavier had never been served, and would not appear until served.

The circuit judge excluded the proffered testimony, and we think rightly, since it was simple hearsay. Gale had no personal knowledge as to whether Lavier had been served on September 26, 1939, as the return showed, but would simply have been repeating what Lavier had told him.

Garnishee defendant attempts to bring this offer within either the admissions exception or the declarations against interest exception to the hearsay rule. Admissions are statements made by or on behalf of a party to the suit in which they are offered which contradict some position assumed by that party in that suit. They are substantive evidence for the adverse party, but never for the party by whom or on whose behalf they are supposed to have been made. Declarations against interest are statements which, when made, conflicted with the pecuniary interest of the person making them, who need not have been party, privy or witness to the suit in which they are offered.

The offer in the instant case is neither an admission nor a declaration against interest, since it does not conflict with, but subserves, both the position assumed in the suit and the pecuniary interest of Lavier, who desired to escape liability for many thousands of dollars damages.

We need not consider whether the conversation was inadmissible under 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914), since it was inadmissible as hearsay under the common law.

The judgment of the circuit court against the garnishee defendant is affirmed, with costs to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Starr, and Wiest, JJ., concurred.