PEOPLE *v.* LOCKHART.

1. JURY—VOIR DIRE EXAMINATION—DISCRETION OF COURT.
    The scope of the *voir dire* examination of jurors is largely in the discretion of the trial court and should be kept within reasonable bounds (Court Rule No 37 [1945]).

2. SAME—VOIR DIRE EXAMINATION—UNQUALIFIED QUESTION AS TO PREJUDICE OR BIAS.
    It was not reversible error as an abuse of discretion for trial court to deny request of defendant's counsel in prosecution for robbery armed that he ask the jury on *voir dire* examination

REFERENCES FOR POINTS IN HEADNOTES
[1] 31 Am Jur, Jury §§ 106, 107.
[2] 3 Am Jur, Appeal and Error § 970.

"what their verdict would be in the event the evidence is evenly balanced?" where the court had previously asked the jurors if they could render a fair and impartial verdict or knew of any matter, fact or circumstance that might tend to prejudice them one way or another in the case as the addition of a qualification such as "if either way" was deemed material under the pertinent court rule, and a previous trial had ended in a disagreement by the jury (Court Rule No 37 [1945]).

Appeal from Ingham; Salmon (Marvin J.), J. Submitted April 14, 1955. (Docket No. 72, Calendar No. 46,380.) Decided June 6, 1955.

William J. Lockhart was convicted of robbery armed. Affirmed.

*Thomas M. Kavanagh*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Charles E. Chamberlain*, Prosecuting Attorney, for plaintiff.

*Stuart J. Dunnings, Jr.*, for defendant.

REID, J. Upon leave granted, plaintiff appeals from his conviction and sentence on a charge of robbery armed. The case was first tried before a jury in March, 1954, but the jury were unable to arrive at a verdict. Subsequently, upon a second trial by a jury in June, 1954, the defendant was found guilty. He appeals from the sentence afterwards pronounced.

On the second trial the court conducted the *voir dire* examination of jurors and asked the following questions:

"Have any of you read or heard or know anything about this case?"

"Are any of you acquainted with William J. Lockhart, the defendant, seated here at the counsel table?"

"Are any of you acquainted with Mr. Keyworth, the assistant prosecutor, except perhaps as you have seen him in court?"

"Are any of you or any of your immediate members of your family connected with any law-enforcement agency?"

"Do you know of any reason why you could not sit here and render a fair and impartial verdict based upon the evidence produced here in open court?"

"Do you know of any matter, fact or circumstance that might tend to prejudice you one way or another in this case?"

At the conclusion of the examination by the court, counsel for the defendant requested the court to ask each juror the following questions:

1. "Have any of you jurors or any of the immediate members of your family ever been robbed by anyone?"

2. "What their verdict would be in the event the testimony is evenly balanced?"

The court asked the first question but refused to ask each juror,

"What their verdict would be in the event the testimony is evenly balanced."

Further the court asked the following questions of both counsel:

"*The Court:* Cause Mr. Prosecutor?

"*Mr. Keyworth:* None Your Honor.

"*The Court:* Cause Mr. Dunnings? [attorney for defendant]

"*Mr. Dunnings:* None Your Honor.

"*The Court:* Peremptory Mr. Prosecutor?

"*Mr. Keyworth:* None Your Honor.

"*The Court:* Peremptory Mr. Dunnings?

"*Mr. Dunnings:* I am satisfied Your Honor."

Thereafter, on June 18, 1954, the said defendant moved the trial court to set aside the said verdict

and grant a new trial for the reason that the trial judge erred in refusing to ask the jurors upon the *voir dire* examination, at the request of counsel for defendant, "What their verdict would be in the event the evidence is evenly balanced?" The trial judge refused to grant a new trial, giving for such refusal the reason that it seemed to the court that the jury had been fairly and adequately questioned as to any prejudice they had.

On June 28, 1954, the court sentenced the defendant to a term of not less than 5 nor more than 15 years.

The appellant contends that prejudicial error was committed by the trial court in refusing to ask the question put before the court in its conduct of the *voir dire* examination and to receive the answer of each juror as to, "what their verdict would be in the event the testimony is evenly balanced." In support of such contention defendant cites *Monaghan* v. *Agricultural Fire Insurance Co.* (1884), 53 Mich 238, 245; also, *People* v. *Keefer* (1893), 97 Mich 15, 19; also, *Towl* v. *Bradley* (1896), 108 Mich 409; and *People* v. *Peck* (1905), 139 Mich 680, 683. However, in the case of *People* v. *Wheeler,* 185 Mich 164, we say, p 169:

"The reason of the rule first stated in the *Monaghan Case* is that counsel have the right to ask this question for the purpose of ascertaining the condition of the juror's mind, which rule is not changed by the decision in the *Caldwell Case* [*People* v. *Caldwell,* 107 Mich 374], which expressly recognized the rule, but held that adding thereto the words, 'if either way,' as suggested by the court, was a reasonable request, and that the condition of the juror's mind could be as clearly ascertained with the amendment as without it, and that therefore it is not reversible error to exclude the question where no reason is shown why counsel refused to adopt the sug-

gestion of the court. So we conclude that in the instant case, counsel having refused to adopt the suggestion of the court as to amending the question, it was not reversible error to exclude the question and the answer thereto."

In the instant case the trial court did not suggest any amendment to the proposed question, which is basically a question of law, but merely refused to ask the question. The court did ask each juror whether the juror knew of any reason why he could not sit and render a fair and impartial verdict, based upon the evidence produced in open court and further asked of each juror, "Do you know of any matter, fact or circumstance that might tend to prejudice you one way or another in this case?" Since the earlier decisions cited by defendant, our Court Rule No 37 (1945) has been adopted, section 1 of which is as follows:

"The *voir dire* examination of jurors in all cases may be conducted by the trial judge, or he may, in his discretion, permit such examination by the attorneys for the respective parties. If made by the judge, counsel for any of the parties desiring that additional matters be inquired into shall request the judge to interrogate the juror relative thereto, which request, if the matter be deemed material, shall be granted."

Commenting upon this rule, Honigman in Michigan Court Rules Annotated, p 376, states as follows:

"The scope of the *voir dire* examination of jurors is largely in the discretion of the trial court and should be kept within reasonable bounds."

In the instant case defendant's counsel did not see fit to add to the question in dispute the qualification, "if either way" (or any similar qualification), which added words we have ruled in the *Wheeler* and *Caldwell Cases* to be reasonable as a request on the part

of the court. Therefore, in the language of the court rule, the matter was "deemed material." In view of the answers of the jurors, disclosing want of prejudice, the ruling of the court was not reversible error. There was no abuse by the trial court of the discretion vested in him under the court rule. Defendant's petition for a new trial is denied.

CARR, C. J., and SMITH, SHARPE, and KELLY, JJ., concurred with REID, J.

BUTZEL, BOYLES and DETHMERS, JJ., concurred in the result.