## PEOPLE *v.* TALISON

1. HOMICIDE—FELONY MURDER—CRIMINAL LAW—EVIDENCE—CIRCUMSTANTIAL—SUFFICIENCY.

Circumstantial evidence showing that defendant and his confederate committed an armed robbery and that either defendant or his confederate killed decedent during that robbery, was sufficient to support defendant's conviction of first-degree murder even though there was no eyewitness testimony that defendant or his confederate had shot decedent (MCLA § 750.316).

2. HOMICIDE—FELONY MURDER—CRIMINAL LAW—ROBBERY—INSTRUCTIONS.

Omission of the elements of robbery in an instruction on felony murder did not constitute reversible error where from the evidence presented the jury could have convicted the defendant under the felony murder law only if it thought the larceny was

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 34 *et seq.*
[2] 40 Am Jur 2d, Homicide § 40.
[3–5] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.
[6] 47 Am Jur 2d, Jury § 23 *et seq.*
[7, 8] 47 Am Jur 2d, Jury § 195 *et seq.*

committed by force and violence, assault, or putting the victim
in fear, since defendant neither requested a more specific in-
struction nor objected to the one given (MCLA § 750.316).

3. WITNESSES — ADDITIONAL WITNESSES — INDORSEMENT — COURT
LEAVE — STATUTES.
Additional witnesses may be indorsed before or during trial by
leave of court upon such conditions as the court determines
(MCLA § 767.40).

4. APPEAL AND ERROR—WITNESSES—ADDITIONAL WITNESSES—IN-
DORSEMENT—DISCRETION.
The question for appellate courts in reviewing an indorsement
of additional witnesses on an information is whether the trial
court abused its discretion in permitting that indorsement, and
the party asserting such an abuse ordinarily has the burden
of proving it (MCLA § 767.40).

5. WITNESSES—ADDITIONAL WITNESSES—INDORSEMENT—DISCRETION.
Trial court did not abuse its discretion in permitting the in-
dorsement of 18 additional prosecution witnesses where de-
fense counsel was granted a 30-day continuance as agreed
in the pretrial statement to prepare to rebut the testimony
of those additional witnesses, and there was no showing that
defendant had been prejudiced by that indorsement or that
the testimony of the additional witnesses had been previously
suppressed (MCLA § 767.40).

6. JURY — SELECTION — IMBALANCE — EXCLUSION — MOTIONS —
CHALLENGE TO ARRAY — EVIDENCE.
Defendant's motion challenging the jury array on the basis of
imbalance as to sex, age and employment was properly denied
where the evidence failed to show that the jury selection
statutes were not followed or that certain segments of the
population had been systematically excluded from jury duty.

7. VENUE—CHANGE OF VENUE—CRIMINAL LAW—PRETRIAL PUBLICITY.
Denial of defendant's motion for a change of venue because of
pretrial publicity was not error where publicity, although
initially extensive, was not continuous and did not permeate
the trial held 11 months later.

8. JURY—VOIR DIRE—EXCLUSION OF JURORS—SEPARATE EXAMINA-
TION—DISCRETION.
Denial of defendant's motion to conduct the *voir dire* examina-
tion of prospective jurors separate and apart from one an-

**other until after a substantial number of defendant's peremptory challenges had been exhausted was not an abuse of discretion.**

Appeal from Eaton, Richard Robinson, J. Submitted Division 2 November 12, 1969, at Lansing. (Docket No. 5,977.) Decided February 4, 1970.

Jerry Talison was convicted by a jury of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald E. Zimmer,* Prosecuting Attorney, for the people.

*David L. Smith,* for defendant on appeal.

Before: LEVIN, P. J., and T. M. BURNS and DANHOF, JJ.

DANHOF, J. On January 1, 1967 a double homicide was committed at a gasoline service station in Eaton county. The victims were the service station attendant and a deputy sheriff. Both men died from multiple gunshot wounds. On January 7, 1967 the 19-year-old defendant was charged with the first-degree murder of Harold Peterson, the service station attendant, CL 1948, § 750.316 (Stat Ann 1954 Rev § 28.548). On December 28, 1967, following a 12-day trial, defendant was convicted by a jury of first-degree murder. On January 18, 1968 he was sentenced to prison for the rest of his natural life. A motion for a new trial was denied May 9, 1968.

Defendant brings this appeal as a matter of right, GCR 1963, 806.1, and presents several questions for review. Initially, he asserts that there was insufficient evidence to support the conviction. It is true

that there was no eyewitness testimony that the defendant or his confederate shot Mr. Peterson. However, there was a plethora of circumstantial evidence showing that the defendant and his confederate committed an armed robbery, and that defendant or his confederate killed Mr. Peterson in the perpetration of it. Therefore, we hold that there was sufficient evidence to support the defendant's conviction.

Defense counsel argues additionally that the trial judge erred when instructing on the felony murder law, because he did not set forth the essential elements of robbery. Thus, the jury might have thought that robbery consists merely of theft and may not have known that in order to convict one of robbery it is necessary to show that the larceny was committed by force and violence, assault, or putting the victim in fear.

However, the defense counsel said in his brief that the trial judge correctly stated the general rule as to the requisites of the felony murder law and "It would seem to necessarily follow from the evidence that if in fact there was a robbery it would have to have been armed." We agree. We find from the evidence presented that the jury could have convicted the defendant under the felony murder law only if it thought Harold Peterson was assaulted with a gun and subjected to extreme force and violence resulting in his death by defendant and his companion acting in concert during the perpetration of an armed robbery. Therefore, we do not find any reversible error in the instructions on the felony murder law in this case, a more specific instruction than that given by the judge not having been requested and no objection to the judge's instruction having been voiced by defense counsel. See *People v. Gardner* (1968), 13 Mich App 16.

The defense counsel also alleges that the trial court erred in allowing the indorsement of 18 additional witnesses on the information, and in denying defendant's motion for an additional continuance beyond the two weeks granted on the court's own motion. The issue is defendant's right to adequate time to prepare his defense.

The pretrial summary statement dated July 6, 1967 reads in part:

"5. *WITNESSES:* A. *For the Prosecution:* Those endorsed on the information, together with others whose names will be furnished to the defense counsel not less than thirty days prior to trial.

<div style="text-align:center">*   *   *</div>

"This pretrial summary statement is binding upon the parties and no changes or additions will be made after this date without the consent of this court, pursuant to written application of the parties for cause shown."

Trial was originally set for November 27, 1967. On November 11, 1967 defense counsel received the names of 18 witnesses, including 10 police officers, whom the prosecution intended to indorse on the information. A hearing was held on the motion to indorse witnesses on November 22, 1967 at which time the motion was granted over defendant's objection. However, the trial court continued the trial to commence December 11, 1967 so that the defense attorney would have the 30 days to prepare to rebut the testimony as agreed in the pretrial statement.

CLS 1961, § 767.40 (Stat Ann Cum Supp § 28.980) permits additional witnesses to be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine. Both *People* v. *McCrea* (1942), 303 Mich 213, and *People* v. *Davis* (1955), 343 Mich 348, reaffirmed that the ultimate question for a reviewing court is whether

the trial court abused its discretion, with the burden ordinarily on the party asserting the abuse.

Defendant has shown no prejudice resulting from the indorsement of the additional witnesses. Defense counsel had the 30 days agreed to in the pretrial summary in which to interview the 18 additional witnesses. Defendant does not allege and the record does not suggest that the testimony of the additional witnesses had been previously suppressed. Therefore, we find that the trial judge did not abuse his discretion in allowing the indorsement of the additional witnesses, and in denying the defendant's motion for an additional continuance.

The next allegation of error involved defendant's motion challenging the array due to an imbalance in the jury panel as to sex, age, and employment. The trial court denied this motion, and we sustain his decision. The evidence falls short of proving that the jury selection statutes were not followed, or that there was a systematic exclusion of certain segments of the population from jury duty. Thus, this case is distinguishable from *Robson* v. *Grand Trunk Western Railroad Company* (1966), 5 Mich App 90.

The denial of defendant's motion for a change of venue because of pretrial publicity is also alleged as error. While the New Year's Day double homicide did receive extensive publicity initially, the publicity was not continuous and did not permeate the trial 11 months later. There was no denial of a fair trial such as existed in *Sheppard* v. *Maxwell* (1966), 384 US 333 (86 S Ct 1507, 16 L Ed 2d 600).

Lastly defendant alleges error in the denial of his motion to conduct the *voir dire* examination of prospective jurors separate and apart from one another until after a substantial number of defendant's peremptory challenges had been exhausted.

Defense counsel said in his brief that this question appears to be one of first impression in Michigan and that the *voir dire* examination necessarily requires the use of discretion by the trial judge. We find that the trial judge did not abuse his discretion.

The voluminous record in this case amply demonstrates that defendant's trial was conducted in an exemplary manner. The trial judge, the people's attorneys, and the defense attorneys all served expertly, courteously, and fairly, in the highest tradition of the legal profession.

Affirmed.

All concurred.