PEOPLE *v.* MONTEVECCHIO

1. CRIMINAL LAW—PROSECUTOR'S REMARKS—PROSECUTOR'S BELIEF.
   Prosecutor's closing remarks characterizing the defendant as a professional criminal and suggesting that his alibi witnesses perjured themselves were prejudicial and denied the defendant a fair trial, because the prosecutor's remarks, made as statements of fact, certainly led the jury to think that the prosecutor believed the defendant was guilty.

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—PROSECUTOR'S BELIEF.
   A prosecuting attorney may argue the testimony presented at trial, but he may not state what he personally believes of defendant's guilt except as shown by proof.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—FAILURE TO OBJECT—APPEAL AND ERROR.
   Failure to object to prosecutor's closing remarks will bar review only where the goal of defendant's objection would have, in all likelihood, eliminated the prejudice.

4. CRIMINAL LAW—PROSECUTOR'S REMARKS—FAILURE TO OBJECT—APPEAL AND ERROR.
   Defendant's failure to object to the prosecutor's highly inflammatory closing remarks did not prevent review where the cautionary instruction to the jury would not have eliminated the prejudice.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 March 2, 1971, at Lansing. (Docket No. 7110.)   Decided March 30, 1971.   Leave to appeal denied, 387 Mich —.

Caesar Montevecchio was convicted of armed robbery.   Defendant appeals.   Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  53 Am Jur, Trial § 486.
[3, 4]  53 Am Jur, Trial § 505 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Thomas R. McCombs,* for defendant on appeal.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Defendant Caesar Montevecchio, Loren Jolly, and Joseph Giacalone were charged with armed robbery. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). Because of certain statements made by Loren Jolly to the police, motion for separate trial for the defendant herein and Joseph Giacalone was granted. Defendant and Giacalone were both convicted as charged, and defendant was sentenced to serve not less than 50 years nor more than 70 years in the state prison.

Defendant contends that the following remarks made by the prosecutor were inflammatory and prejudiced defendant's right to a fair trial:

"If a man can come into our city, pull a gun on two of our citizens, rob them of between $30,000 and $40,000, register in this town under a false name, have his room occupied through the night of the 14th, and be used that night, and paid for for that night, make—have telephone calls placed to his home twice on the day of the robbery from here, not from Erie, but from here, and be the man they picked out in the back of this crowded courtroom— if he can do all those things and get away with it, because a couple of his booze-joint friends say he wasn't here, then let's close up shop and go home; because, we aren't safe anymore.

"Because, any man who can't get a couple of booze-joint friends to come in and testify for him isn't worth his salt, even as a criminal.

"And, these men were pretty good criminals, they weren't amateurs. They were pros. They knew what they were doing.

"Most amateurs can get a couple of friends to put in a good word for them, and I assure you that a pro can, with stories that you couldn't check out for love nor money."

In *People* v. *Ignofo* (1946), 315 Mich 626, the prosecutor stated that defendant was guilty and that, while the defendant had previously evaded detection, his deeds had now caught up with him. The Supreme Court in reversing defendant's conviction stated at page 636:

"In the case at bar the statement of the prosecuting attorney was not an expression of his opinion. It was a statement of fact that should only have been made by a witness. While no objection was made to such statement at the time it was made or specific charge requested of the court, yet in our opinion such statement could not be eradicated from the minds of the jury and is reversible error."

Similarly, in *People* v. *Slater* (1970), 21 Mich App 561, the prosecutor stated that he knew defendant was the one who killed the victim. This Court held that while it is proper for the prosecutor to argue the testimony, he should not be permitted to state what he personally thinks or believes of defendant's guilt.

In the instant case the remarks of the prosecutor characterized the defendant as a professional criminal whose friends perjured themselves in testifying as to defendant's alibi. These remarks were made as statements of fact and would certainly lead the jury to think that the prosecutor believed that de-

fendant was guilty. We consider the situation presented here to be controlled by *People* v. *Hill* (1932), 258 Mich 79, 88, where the Supreme Court stated:

"The prosecuting attorney should be permitted to argue the testimony, but has no right to state what he personally thinks or believes of defendant's guilt except as shown by proof. If he has first-hand knowledge of facts which legitimately tend to show defendant's guilt, it is his duty to present them under oath from the witness stand the same as any other witness. If his knowledge is only that based upon the testimony, he should confine himself to his duty as a prosecuting official."

Based upon the cited authority, we find the remarks of the prosecutor were prejudicial and deprived the defendant of a fair trial.

Although defendant did not object to the prosecutor's remarks and did not request a cautionary instruction by the trial judge, the failure to object is and should be a bar to review only when the goal of the objection would, in all likelihood, have eliminated the prejudice. *People* v. *Humphreys* (1970), 24 Mich App 411.

In the instant case, the goal of an objection by the defendant would have been a cautionary instruction by the trial judge. In our opinion an instruction would not have eliminated the prejudice created by the prosecutor's inflammatory remarks. Defendant's failure to object will not, therefore, bar this Court from affording the appropriate relief.

Defendant raises several other issues, none of which have any merit. We would note, however, that on retrial the defendant should not be questioned about any arrest which did not result in a conviction in accordance with *People* v. *Brocato* (1969), 17 Mich App 277.

Reversed and remanded.