PEOPLE v. BALL

1. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICIAL INNUENDO.
    A prosecutor's attempted injection of unfounded innuendo prej-
    udicial to a defendant in defendant's trial is not consistent
    with a prosecutor's duty to use only legitimate means to se-
    cure conviction.

2. CRIMINAL LAW—PROSECUTOR'S REMARKS—PREJUDICIAL INNUENDO
    —REVERSIBLE ERROR.
    The prosecutor's injection, in a prosecution for breaking and
    entering, of unfounded prejudicial innuendo concerning the
    defendant's having a heroin habit constitutes reversible error
    even though the defendant denied ever having a heroin habit.

3. CRIMINAL LAW—DEFENDANT TESTIFYING—IMPEACHMENT—JUVE-
    NILE CONVICTION—REVERSIBLE ERROR.
    Introduction in a criminal trial of defendant's juvenile record
    for impeachment purposes is reversible error; juvenile records
    are inadmissible for any purpose (MCLA § 712A.23).

Appeal from Recorder's Court of Detroit,
William J. Giovan, J. Submitted Division 1
February 3, 1971, at Detroit. (Docket No. 9699.)
Decided April 28, 1971.

James Joseph Ball was convicted of breaking and
entering an occupied dwelling with intent to commit

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 459.
[3] 47 Am Jur 2d, Juvenile Courts and Delinquent and Dependent
    Children §§ 4, 8.
Constitutionality, construction, and application of statutory pro-
    vision against use in evidence in any other case of records or
    evidence in juvenile court proceedings. 147 ALR 443.

larceny.   Defendant appeals.   Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: LESINSKI, C. J., and R. B. BURNS and LEVIN, JJ.

PER CURIAM.   Defendant James Ball was convicted by a jury of breaking and entering an occupied dwelling with intent to commit larceny.   MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305).   He appeals as of right claiming insufficient evidence was adduced at trial to sustain the conviction and that improper conduct of the prosecutor prejudiced his right to a fair trial.

Examination of the record reveals that evidence was introduced which, if believed by the jury, was sufficient to sustain the conviction beyond a reasonable doubt.

On direct examination, defendant denied commission of the crime but admitted a previous conviction for larceny.   On cross-examination the following transpired:

"*Q.* How big was your heroin habit at the time?
"*A.* I didn't have a heroin habit.
"*Q.* Have you ever used heroin?
"*A.* No.
"*Q.* Have you ever requested to be taken to Detroit General Hospital with the heroin symptoms?

"*A*. I asked to be taken to the hospital because I was sick.

\* \* \*

"*Q*. Have you ever been convicted of the crime of using indecent and obscene language in the presence of a woman?

"*A*. Yes, while I was a juvenile.

"[Defense counsel's objection was sustained; the jury was instructed to disregard the remarks.]"

We cannot condone the tactics of the prosecutor. The attempted injection of unfounded prejudicial innuendo into the proceedings is not consistent with the prosecutor's duty to use only legitimate means to secure conviction. *People* v. *Brocato* (1969), 17 Mich App 277. Although the questions regarding defendant's use of heroin were answered in the negative, we are not persuaded that undue prejudice to the defendant did not result.

Introduction of juvenile records for impeachment purposes has been held reversible error. *People* v. *Warren* (1970), 23 Mich App 20. Under the juvenile offenders statute such records are inadmissible for any purpose. MCLA § 712A.23 (Stat Ann 1962 Rev § 27.3178[598.23]). In the event of a retrial, no reference to defendant's record while a juvenile shall be allowed.

Reversed and remanded.