PEOPLE v. CLAUGHERTY

1. CRIMINAL LAW—WITNESSES—INDORSED WITNESS—NONPRODUCTION
—DUE DILIGENCE—DISCRETION.

Excusing the production by the prosecution of an indorsed wit-
ness is within the discretion of the trial court upon a showing
of diligence.

2. CRIMINAL LAW—WITNESSES—INDORSED WITNESS—NONPRODUCTION
—DUE DILIGENCE.

A showing that the prosecution issued an appearance subpoena
in an effort to produce an indorsed witness for trial but that
the witness was on vacation for two weeks was a sufficient
showing of due diligence to allow the trial judge to excuse the
production of the witness.

3. CRIMINAL LAW—EVIDENCE—HEARSAY—OPENING DOOR.

Testimony by the complaining witness, a state licensing investi-
gator, upon redirect examination by the prosecution, that he
had initiated his investigation of the defendant because of
complaints which he did not receive personally was properly
admitted into evidence where that testimony was offered to
clarify the investigation procedure used and defense counsel
in his cross-examination of the witness had asked a directly-
related question.

4. CRIMINAL LAW—APPEAL AND ERROR—CURABLE ERROR—CAUTION-
ARY INSTRUCTION.

A conviction will not be reversed where the defendant has
permitted error which is curable by a cautionary instruction
to go to the jury without raising an objection to that error.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Witnesses § 3.
[3] 29 Am Jur 2d, Evidence § 496.
[4] 5 Am Jur 2d, Appeal and Error § 545.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 October 7, 1971, at Marquette. (Docket No. 9009.) Decided October 27, 1971.

Dale Eugene Claugherty was convicted of attempting to procure the commission of an act of gross indecency with another male person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *John M. Jereck,* Prosecuting Attorney, for the people.

*Newman & Mackay,* for defendant on appeal.

Before: FITZGERALD, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. Defendant was charged with and convicted by a jury of attempting by word and deed to procure the commission of an act of gross indecency with and upon himself by another male person. MCLA § 750.338 (Stat Ann 1954 Rev § 28.570).

Carl Rencoski, investigator for the Michigan Department of Licensing and Regulation, with the knowledge and cooperation of the Albion City Police Department, called on defendant, a chiropractor, used a different name, and complained of fatigue and back pain. During the chiropractic examination that followed, testimony indicated there was provocative conversation, a solicitation to do reciprocal immoral acts, and a touching of Rencoski's private parts by the defendant. Defendant, testifying in his own behalf, denied that any criminal advances were made by him and accused Rencoski of being the aggressor.

On appeal, defendant raises five issues:

1. Did the trial court err in excusing the production of indorsed police witness Edward Sweet?

2. Was it error to allow, over defense's objection, hearsay testimony by Rencoski concerning the source of complaints which started his investigations?

3. Was it error for the prosecutor to state to the Albion Police Chief, "and you certainly have done a fine job," during trial and in the presence of the jury?

4. Did the court err in failing to instruct the jury on the issue of entrapment?

5. Was there sufficient evidence to sustain defendant's conviction?

Detective Edward Sweet was indorsed on the information. There was pretrial testimony that he only signed the report, but took no active part in the investigation.

The prosecutor testified that Sweet could not be present because he was somewhere in the South on vacation. The court excused the production of Sweet. Defendant contends that being on vacation is an insufficient reason to deprive him of his right to confrontation and cross-examination.

It is within the court's discretion to excuse the prosecution from producing an indorsed witness upon a showing of diligence. *People* v. *Costea* (1969), 19 Mich App 166; *People* v. *Tubbs* (1970), 22 Mich App 549; *People* v. *Alexander* (1970), 26 Mich App 321.

In this case there is proof of diligence. The trial started on May 14, 1969. On May 7, 1969, an appearance subpoena naming Edward Sweet issued from the prosecutor's office. On May 8, 1969, the server wrote on the back of the subpoena, "Det.—Sweet not reached; on vacation". Sweet's vacation was for two weeks.

The prosecutor did make an effort to produce the witness. There is a showing of diligence upon which the trial judge could correctly conclude that Sweet's attendance could not readily be secured. No clear abuse of judicial discretion is demonstrated.

On cross-examination of Rencoski, defense counsel asked:

"*Q.* But these cases (aid to police) were based upon complaints received by the police, by parties subjected to such things?
"*A.* Yes."

Rencoski then admitted that no complaints were made to him personally.

On redirect-examination which followed, the prosecutor asked the following question:

"*Q.* But there were complaints made by other parties to someone else, is that not true?
"*A.* Yes.
"*Defense Counsel:* I will object.
"*The Court:* I will take the answer on the basis that you opened up the subject in such a way. I think this would be a normal follow-up."

The testimony only establishes that Rencoski did not receive complaints personally, but from other sources. In view of defense counsel's initiation of a directly-related question it was not error to allow the prosecutor to clarify this procedure.

When questioning the Albion Police Chief, the prosecutor stated:

"*Q.* In your opinion as a police officer, *and you certainly have done a fine job,* * * * ."

Defendant contends this "pat on the back" was uncalled for and prejudicial. Defendant failed to ask for a corrective instruction or even to object to the prosecutor's remark.

A conviction will not be reversed where the defendant has permitted error which is curable by a cautionary instruction to go to the jury without raising an objection to the error. *People* v. *Humphreys* (1970), 24 Mich App 411; *People* v. *David Smith* (1969), 16 Mich App 198; *People* v. *Rowls* (1970), 28 Mich App 190.

Defendant further contends that the trial court erred in refusing to instruct the jury on defendant's theory of entrapment. Defendant denied doing any criminal act. The defense of entrapment is not available when the offense is denied. *People* v. *Murn* (1922), 220 Mich 555; *Tomita* v. *Tucker* (1969), 18 Mich App 559; *People* v. *Nelson White* (1970), 26 Mich App 35. The trial court's refusal was proper.

There is sufficient evidence which, if believed, would establish defendant's guilt. The jury's verdict is not against the great weight of the evidence.

Conviction affirmed.