PEOPLE *v* NADORT

1. CRIMINAL LAW—ENTRAPMENT—REQUEST TO BUY.

   Entrapment is not an issue for the jury where a police agent or informer did nothing more than request the defendant to sell him illegal merchandise; the fact that a defendant was furnished an opportunity to commit a crime does not constitute entrapment, absent any reprehensible creative activity or persistent over-exertion by the police.

2. POISONS—NARCOTICS—ENTRAPMENT—ILLEGAL SALE—QUESTION OF LAW.

   Entrapment was properly excluded from jury argument and held, as a matter of law, not to have been an issue in defendant's trial for illegal sale of heroin where the testimony was undisputed that defendant initiated the transaction with a police informer by stopping at the informer's place of employment and asking him if he "would like to buy some heroin" and that the informer had never asked defendant to sell him drugs, but only had let it be known that he was interested in buying narcotics.

3. POISONS—NARCOTICS—ILLEGAL SALE—LESSER INCLUDED OFFENSES—POSSESSION OF NARCOTICS—INSTRUCTIONS TO JURY.

   Refusal to instruct the jury that possession of heroin was a lesser included offense of illegal sale of heroin, the crime charged, was proper where the requested instruction was misleading because it was strongly tied to an entrapment defense which the trial court had properly excluded from jury argument, and there was no dispute whether the defendant had merely possessed heroin or had sold it, there being no testimony that the defendant had merely possessed it.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 143 *et seq.*
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 43.
   Entrapment to commit offense with respect to narcotics law. 33 ALR2d 883.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 45.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 February 4, 1972, at Grand Rapids. (Docket No. 11329.)   Decided February 29, 1972.

Steven Nadort was convicted of the illegal sale of heroin.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Calvin L. Bosman,* Prosecuting Attorney, for the people.

*Donald H. Hann,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

PER CURIAM.   The 19-year-old defendant was convicted by a jury of the illegal sale of heroin, MCLA 335.152; MSA 18.1122.   He was sentenced to a term of 20 to 21 years in prison.

On appeal defendant argues that the trial court erred in ruling that as a matter of law jury argument and instructions on entrapment were precluded.

The evidence shows that about 2:30 p.m. on October 23, 1970, the defendant came to a certain gas station and asked the gas station attendant if he "would like to buy some heroin".   They made a deal that the defendant would sell the attendant $30 worth for $20 because the defendant owed him $7. The defendant left right away but came back about 3 p.m. and said that he needed the money in order to make the buy.   The attendant gave him the money and defendant left again, returning about 4 p.m. with the heroin.   The attendant said that the defendant told him if he ever needed any more he would know who to get in touch with.

The gas station attendant testified that he was not a police officer, but that he was a contact man for the

State Police in the narcotics field. He used his own personal money but was reimbursed by the State Police. He testified that he did not tell people that he was interested in buying narcotics, but that he "let it be known". He said that he never at anytime asked the defendant to sell narotics to him.

The defendant did not take the stand and the defense presented no evidence.

The trial court correctly ruled on this undisputed evidence that as a matter of law entrapment was not an issue. The Federal courts have repeatedly held that when a government agent or informer does nothing more than request that merchandise be sold to him, the defendant has not made a submissible case on the issue of entrapment. *Kibby* v *United States,* 372 F2d 598 (CA 8, 1967), and cases cited therein. This Court has said in *People* v *Ovalle,* 10 Mich App 540 (1968) that the mere fact that an opportunity was furnished to the defendant to commit a crime, absent reprehensible creative activity or persistent overexertion, does not constitute entrapment.

In the present case the undisputed testimony was that the defendant initiated the transaction by stopping at the station attendant's place of employment and asking him if he "would like to buy some heroin". The attendant did not even ask the defendant if he could purchase narcotics from him, as did the informer in the *Kibby* case, *supra*. On these facts, the trial court correctly ruled that as a matter of law jury argument and instructions on entrapment were precluded.

The defendant's other question involves the trial court's refusal to instruct the jury that possession of heroin was a lesser-included offense.

The written instruction that the defendant requested was misleading because it was strongly tied into the entrapment issue. Therefore the court

properly refused to give it.   Further, there was no dispute in the testimony as to whether defendant merely possessed heroin or whether he sold it.   The jury could either believe that the defendant sold heroin or that he did not.   There was no testimony that he merely possessed it.   Thus, the court correctly refused to give a charge on possession of heroin. *People* v *Loncar,* 4 Mich App 281 (1966) ; *People* v *Membres,* 34 Mich App 224 (1971).

Affirmed.