## PEOPLE v MARGARET JONES

### Decision of the Court

1. Jury—Voir Dire—Separate Examination—Discretion.

   Denial of defendant's request to conduct the voir dire examination of prospective jurors individually and separately was not an abuse of discretion where the defendant had alleged that the issue involved, the sale of heroin, was highly emotional and that the examination of one prospective juror would contaminate the remainder of the jury if individualized voir dire examination was not permitted; the trial court is given considerable discretion in controlling the form and latitude of voir dire examination, and had the best opportunity to evaluate the actual or potential prejudice existing when claimed.

2. Criminal Law—Defenses—Entrapment.

   A defendant cannot simultaneously deny the commission of a crime and assert the defense of entrapment.

3. Drugs and Narcotics—Entrapment.

   A undercover agent's mere offer to purchase drugs does not constitute entrapment.

### Opinion of Bronson, P. J.

4. Criminal Law—Res Gestae Witnesses—Indorsement—Accomplices—Statutes.

   *The argument that a statute which permits the prosecutor to impeach any res gestae witness which he is obligated to call destroys the rationale for the rule currently applied that a prosecutor has no duty to indorse an accomplice as a res gestae*

References for Points in Headnotes

[1, 8] 47 Am Jur 2d, Jury § 197.

[2] 21 Am Jur 2d, Criminal Law § 144.

[3] 21 Am Jur 2d, Criminal Law § 145.

   25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 43, 46, 47.

[4, 5, 9] 21 Am Jur 2d, Criminal Law § 118.

[6] 21 Am Jur 2d, Criminal Law § 471.

[7, 10] 53 Am Jur, Trial § 637.

*witness is of persuasive appeal but because of controlling precedents the argument is more properly addressed to the Supreme Court than to the Court of Appeals (MCLA 767.40a).*

5. CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT—ACCOMPLICES.

*An accomplice need not be formally charged to excuse the prosecution from indorsing the accomplice as a res gestae witness, and where evidence supported the conclusion that a res gestae witness was an accomplice rather than a knowing police agent the trial judge did not abuse his discretion by concluding the witness was an accomplice.*

6. CRIMINAL LAW—EVIDENCE—HEARSAY—ADMISSIONS—DECLARATIONS AGAINST INTEREST.

*Hearsay testimony which was relevant to the credibility of the prosecution's primary witness, regarding a statement made by a police agent in which the agent admitted stealing money from the prosecutor's witness, was properly excluded by the trial court because an extrajudicial statement is inadmissible unless it satisfies a recognized exception to the hearsay rule; the admissions exception was not applicable to the statement since the police agent was not a party to the trial, and the exception for declarations against interest made by a third party was inapplicable because a "penal" interest was involved and this exception has traditionally been limited to declarations against "proprietary" or "pecuniary" interests.*

7. CRIMINAL LAW—ARGUMENT OF COUNSEL—PROSECUTOR'S REMARKS—PREJUDICE.

*A prosecutor's closing argument which entreated a jury to return a conviction by misconstruing a defendant's description of herself as being a "junkie" in that this "slip of the tongue" constituted defendant's admission of being a seller of heroin because a "junkie" is "a person who is going out and selling narcotics" contained a prejudicial purpose, inflamed the jury, sought defendant's conviction by innuendo and prejudiced her in the eyes of the jury, thereby creating a miscarriage of justice requiring reversal despite the failure of defendant to register an objection and to preserve the issue for appeal.*

OPINION OF O'HARA, J.

8. JURY—VOIR DIRE—SEPARATE EXAMINATION—COURT RULES.

*Denial of a defense motion to conduct personalized voir dire examination of the jurors was not error because if there is to*

be personalized voir dire of right, the court rule should provide for it (GCR 1963, 511.3).

9. CRIMINAL LAW—RES GESTAE WITNESSES—INDORSEMENT—ACCOM-
   PLICES.
   A party who offered to set up an undercover police officer with some narcotics sellers, suggested the defendant as a possible source, and who was present with the officer and the defendant at the time of the alleged sale of heroin was not an accomplice of the defendant, and the failure of the prosecution to indorse the party as a res gestae witness resulted in reversible error.

10. CRIMINAL LAW—ARGUMENT OF COUNSEL—PROSECUTOR'S REMARKS.
    A prosecutor's comment in closing argument that the defendant's description of herself as being a "junkie" constituted an admission since a "junkie" is "a person who is going out and selling narcotics" was permissible comment on defendant's testimony because the prosecutor was entitled to express his view as to what the term meant.

Appeal from Washtenaw, William F. Ager, Jr., J. Submitted Division 2 February 7, 1973, at Lansing. (Docket No. 13164.) Decided July 23, 1973. Leave to appeal applied for.

Margaret Jones was convicted of selling heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Assistant Prosecuting Attorney, for the people.

*Walter K. Hamilton,* for defendant on appeal.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

BRONSON, P. J. Defendant was convicted by jury verdict of selling heroin and sentenced to serve a prison term of 20 to 21 years. MCLA 335.152; MSA

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

18.1122. From this conviction defendant appeals as a matter of right, raising five allegations of error, which we consider *seriatim.*

The following evidence produced at trial established the factual background of this appeal. Raymond Sain, an undercover narcotics officer for the Pontiac Police Department, was the chief prosecution witness. He testified that three to five days prior to February 24, 1971, he came to Ann Arbor and "through another subject" was introduced to Ricky Cole. Ricky Cole offered to set him up with some narcotics sellers.

On February 24, 1971, Officer Sain obtained some money from the Ann Arbor Police Department and searched for sellers of narcotics with the assistance of Cole. After an unsuccessful attempt to find one seller, Cole suggested defendant as a possible source. Officer Sain testified that he proceeded to defendant's residence and inquired whether she had any narcotics for sale. Defendant answered that he should have come the previous night because she only had a couple of spoons left. Officer Sain gave defendant a $100 bill for two spoons, which were placed in a tinfoil packet, and received two $20 bills in change.

Ricky Cole was called as a defense witness and testified that while he was in defendant's apartment with Officer Sain, no sale took place. Although Officer Sain asked defendant about the availability of heroin for purchase, he stated that defendant replied that she didn't have any at the present time. This witness further testified that Officer Sain had two tinfoil packets in his car before entering defendant's apartment.

Defendant testified in her own behalf and reaffirmed Cole's testimony that no sale took place. She admitted that Sain was present in her apart-

ment on February 24, 1971, expressing a desire to purchase large quantities of heroin. However, she testified that she merely offered to get some for him. At the conclusion of this evidence, the jury found defendant guilty of selling heroin.

I. *Did the trial judge abuse his discretion by denying a defense motion to conduct the voir dire examination of prospective jurors independently and separately?*

Defendant contends that she was charged with a capital offense which mandatorily imposed a 20-year minimum sentence. Defendant further alleges that the issue of the sale of heroin was, in the fall of 1971, a highly emotional issue. In view of these factors, defendant feared that the examination of one prospective juror would contaminate the remainder of the jury if individualized voir dire examination was not permitted.

Trial judges are given considerable discretion in controlling the form and latitude of voir dire examination. *People v Lockhart,* 342 Mich 595; 70 NW2d 802 (1955); *People v Allen,* 351 Mich 535; 88 NW2d 433 (1958); *People v Lambo,* 8 Mich App 320; 154 NW2d 583 (1967); *People v Jenkins,* 10 Mich App 257; 159 NW2d 225 (1968). This Court in *People v Talison,* 21 Mich App 459; 175 NW2d 519 (1970), considered and denied the same challenge that the trial court abused its discretion by denying defendant's request to conduct the voir dire examination of prospective jurors individually and separately. Upon the present facts, we find *Talison* controlling. While recognizing the significance of defendant's contentions, we find that the trial judge had the best opportunity to evaluate the actual, if any, or potential prejudice existing when claimed. Upon this cold appellate record, which

neither reflects the tone nor emotion of the jurors' responses, we refuse to substitute our judgment for the firsthand observations of the trial judge.

II. *Is the accomplice exception to the requirement that the prosecution must indorse and call all res gestae witnesses a currently valid exception?*

Defendant vehemently argues that the rationale for the rule currently applied by our courts that the prosecutor has no duty to indorse an accomplice as a res gestae witness vanished in 1942 when our Legislature enacted MCLA 767.40a; MSA 28.980(1). Since this statute permits the prosecutor to impeach any res gestae witness which he is obligated to call by law, the attendant burdens of vouching for an accomplice by calling him as a prosecution witness is removed.

After reviewing the cited authorities, we recognize the persuasive appeal of defendant's argument. Due to the duration of controlling precedents we decline defendant's invitation to establish a new rule of law. This argument is more properly addressed to our Supreme Court. See, *e.g., People v Henderson,* 47 Mich App 53; 209 NW2d 326 (1973).

Defendant alternatively argues that Ricky Cole was not an accomplice to the alleged sale but rather a res gestae witness which the prosecution was required to indorse. The record establishes Cole's active participation in the crime charged. Although Cole was not charged as a codefendant in the case below, he was charged with selling heroin to Officer Sain later the same day. We find no need for the accomplice to be formally charged before the accomplice exception is applicable. *Cf. People v Raider,* 256 Mich 131; 239 NW 387 (1931); *People v Moore,* 29 Mich App 597; 185 NW2d 834

(1971); *People v Peck,* 39 Mich App 150; 197 NW2d 346 (1972). The evidence supports the conclusion that Code was an accomplice of defendant rather than a knowing agent for the police. We do not find that the trial judge, upon this record, abused his discretion by concluding that Cole was an accomplice.

III. *Did the trial judge commit reversible error by denying defendant's motion for directed verdict based upon the defense of entrapment?*

Defendant claims that she was entrapped because Officer Sain made the initial contact or offer and implemented the idea of selling narcotics in her mind. In the present case defendant denied making any sale of heroin to Officer Sain. It is well established in this jurisdiction that a defendant cannot simultaneously deny the commission of the crime and assert the defense of entrapment. *People v Nelson White,* 26 Mich App 35; 181 NW2d 803 (1970); *People v Claugherty,* 36 Mich App 648; 194 NW2d 54 (1971).

Assuming defendant had relied solely upon the defense of entrapment, she could not prevail. The undercover agent's mere offer to purchase drugs does not constitute entrapment. *Sherman v United States,* 356 US 369; 78 S Ct 819; 2 L Ed 2d 848 (1958); *People v Turner,* 38 Mich App 479; 196 NW2d 799 (1972); *People v Nadort,* 39 Mich App 84; 197 NW2d 290 (1972). Consistent with these authorities an appraisal of the actions of the undercover agent and predisposition of defendant fail to support defendant's allegation of entrapment.

IV. *Did the trial court commit reversible error by
excluding the testimony of a witness regard-.
ing a statement by an alleged identified police
agent which was relevant to the credibility of
the prosecution's primary witness?*

Defendant's theory of the case was that on the
evening of February 23, 1971, a quantity of money
in Officer Sain's possession was stolen by Brenda
Carnes, an identified police agent. This money had
been entrusted to Officer Sain for the purpose of
making narcotics "buys" in the Ann Arbor area.
The defense offered the testimony of one Mortimer
Patterson that Brenda Carnes had admitted to
him that she had stolen some money from Officer
Sain by trick on February 23, 1971. Since Officer
Sain had to account for the entrusted money, this
testimony was offered to show that he had a
motive for lying; to wit, the alleged missing money
was used to buy narcotics which were sold by
defendant.

The trial judge denied the admission of this
evidence upon the basis that it was hearsay. We
agree and find that this extrajudicial statement
was inadmissible unless it satisfies a currently
recognized exception to the hearsay rule. The
Court in *Elliotte v Lavier,* 299 Mich 353; 300 NW
116 (1941), distinguished between admissions and
declarations against interest. The admissions ex-
ception is not applicable since Brenda Carnes was
not a party to the trial below. The challenged
testimony arguably appears to constitute a decla-
ration against interest. This exception for declara-
tions against interest made by a third party has
traditionally been limited to declarations against
"proprietary" or "pecuniary" interests, declara-
tions against "penal" interests not being included.
See McCormick on Evidence (2d ed), § 278, p 673.
But see *Chambers v Mississippi,* 410 US 284; 93 S

Ct 1038; 35 L Ed 2d 297 (1973). In *Potter v Finan*, 6 Mich App 696, 702; 150 NW2d 539, 542 (1967), this Court defined a declaration against interest in terms of the pecuniary or proprietary interest of the declarant. Not finding any Michigan precedent supporting the existence of a declaration against penal interests exception to the hearsay rule, we conclude that the proffered testimony was inadmissible.

V. *Did the prosecutor deny defendant a fair trial by prejudicial statements in his closing argument?*

During the assistant prosecutor's cross-examination defendant referred to herself as a "junkie" with the statement, "a lot of us junkies would get together and * * * [p]ool our money in and have a set". The assistant prosecutor seized upon this characterization and offered the following arguments to the jury:

" * * * [O]ne thing I think is really significant, when I asked her about her supply of heroin, where she would get it, * * * she made a *slip* right at the end of cross examination, she said at times us junkies would get together—very significant, us junkies. She didn't say us addicts or the users would get together, but she said junkies. And, that's just what the people claim the defendant is in this case, a *junkie, a person who is going out and selling narcotics in this case, heroin.*

* * *

"When asked where she got her heroin, she said at times us junkies would get together. That's the defendant, she let it *slip* just in a normal but that's the true defendant in this case, despite her ailments and everything else, she characterized herself in her own words as a junkie, *one who sells narcotics,* and *that's what she's charged with in this case * * *.*" (Emphasis added.)

Although defendant had not defined the term "junkie", the assistant prosecutor argued to the jury that a "junkie" is "a person who is going out and selling narcotics" which in this case was heroin. Defense counsel did not object to this argument but rather chose to offer the rebuttal definition that a "junkie" was merely a "user" of narcotics to the jury in his closing argument.

Since defendant failed to register an objection to the assistant prosecutor's argument, she has failed to preserve this issue for appeal absent a miscarriage of justice. *People v Humphreys,* 24 Mich App 411; 180 NW2d 328 (1970); *People v Montevecchio,* 32 Mich App 163; 188 NW2d 186 (1971); *People v Majette,* 39 Mich App 35; 197 NW2d 78 (1972). The prosecutor is permitted to comment upon the evidence or reasonable inferences therefrom. *People v Russell,* 27 Mich App 654; 183 NW2d 845 (1970); *People v Joshua,* 32 Mich App 581; 189 NW2d 105 (1971). However, this assistant prosecutor traveled beyond the confines of the evidence to offer what must be considered inflammatory argument. This argument entreated the jury to return a conviction because this "slip of the tongue" constituted defendant's admission of being a seller of heroin. The assistant prosecutor misconstrued the intent of defendant's self-description of being a "junkie", prejudicing her in the eyes of the jury. *Cf. People v Humphreys, supra; People v Montevecchio, supra.* Upon a review of the entire record we conclude that the challenged argument contains a prejudicial purpose, inflamed the jury, and sought defendant's conviction by innuendo. *People v Ball,* 33 Mich App 288; 189 NW2d 816 (1971); *People v Tarpley,* 41 Mich App 227; 199 NW2d 839 (1972); *People v McColor,* 36 Mich App 455, 463; 194 NW2d 99, 102 (1971) (dissenting opinion by Judge, now Justice, LEVIN).

This assistant prosecutor and his trial tactics are no stranger to this Court. Although the prosecutor is no less an advocate than defense counsel, the following statement by the Court in *People v Brocato,* 17 Mich App 277, 290–291; 169 NW2d 483, 489 (1969), is instructive:

"It is the duty of the prosecutor to see that the defendant has a fair trial and to protect the interest of the people, *who are as concerned with protecting the innocent as with convicting the guilty, People v Evans* (1888), 72 Mich 367 [40 NW2d 473]. *In this sense a prosecuting attorney stands in a different position than private counsel."* (Emphasis added.)

The then assistant prosecutor, Thomas Shea, transgressed this line of demarcation between advocacy and insuring defendant a fair trial in *People v Lewis,* 37 Mich App 548; 195 NW2d 30 (1972), and *People v Harrison,* 44 Mich App 578; 205 NW2d 900 (1973). After reviewing the record before it, the *Lewis* panel stated that:

"By no stretch of the imagination could it be argued that in the present case the prosecution in his remarks in closing argument did not try to prejudice the defendant." 37 Mich App at 554; 195 NW2d at 33.

The *Harrison* Court stated that future cases before this Court in which the same prosecutor is involved would be carefully scrutinized.

This history reveals the assistant prosecutor's failure to heed our prior admonitions, and we do not condone his continued use of improper argument and borderline conduct. His conduct is inconsistent with both the letter and spirit of disciplinary rule 1-102 of the Code of Professional Responsibility and Canons, which in pertinent part provides:

"(A) A lawyer shall not:

*    *    *

"(5) Engage in conduct that is prejudicial to the administration of justice."*

We trust that this direct criticism will constitute a sufficient deterrent to a repetition of such conduct and provide guidance to the prosecuting bar.

Finding that this assistant prosecutor's conduct created a miscarriage of justice, we reverse defendant's conviction and remand for a new trial.

Reversed and remanded.

Judge FITZGERALD concurs in the result only.

O'HARA, J. *(concurring in result).* I agree that the denial of the defense motion to conduct personalized voir dire was not reversible error. If there is to be personalized voir dire of right, the rule[1] ought to provide for it.

I do not agree that Cole was an accomplice of defendant Jones. I cannot see how he possibly could be. I think the prosecution was obligated to endorse him and call him so that the defense could cross-examine him. Simple justice or due process, whichever term is used, demanded it. This I regard as reversible error.

As to the accomplice exception rule, I said all I could on the subject in *People v Mitchell,* 48 Mich App 361; 210 NW2d 509 (1973).

I find no merit in the entrapment defense and agree with Judge BRONSON for the reasons he advanced.

---

* *See, also,* American Bar Association Project on Standards for Criminal Justice: Standards Relating to the Prosecution Function and the Defense Function, Standards 1.1, pp 43–46, and 5.8, pp 126–129 (Approved Draft, 1971).

[1] GCR 1963, 511.3. *See also People v Brown,* 46 Mich App 592; 208 NW2d 590 (1973).

As to the unfair argument and unfair trial
tactics I must confess I do not share Judge BRON-
SON's apparent sense of outrage. If the defendant
has some objections to the prosecutor's tactics or
argument he could have made his objection and
obtained a ruling on which I could pass decision-
ally.

In my view what the prosecutor argued in this
case was permissible comment on the defendant's
testimony. She used the word "junkie" and the
prosecutor was entitled to express his view as to
what the term meant.[2] I eschew any part of the
personal reprimand in my colleague's opinion. For
the reasons stated herein, I join in voting to re-
verse the conviction.

---

[2] *See People v John Martin,* 37 Mich App 621; 194 NW2d 909
(1972), remanded for resentencing in 387 Mich 766 (1972).