PEOPLE *v.* HENDERSON.

1. CRIMINAL LAW—RIGHT TO COUNSEL—CRITICAL STAGES OF PRO-
   CEEDINGS.

   Seating of 2 participant witnesses' counsel at prosecution table
   during separate trial of third participant *held,* not error, nor
   to have resulted in a miscarriage of justice, where trial judge
   clearly instructed jury as to the limited capacity of the attor-
   neys for the participant witnesses, since an accused is entitled
   to counsel at all critical stages of legal proceedings flowing
   from his arrest, and the trial of a participant at which the
   accused is called upon to relate the story of the crime is a
   critical stage; but by taking the stand and admitting participa-
   tion in a crime a participant waives his right against self-in-
   crimination as to the details of the crime (US Const, Ams 5, 6;
   Mich Const 1963, art 1, §§ 17, 20; CL 1948, § 769.26).

2. SAME — WITNESSES — INDORSEMENT — PARTICIPANTS — PROSE-
   CUTOR — CONFRONTATION.

   The rule requiring the prosecutor in a criminal prosecution to
   call as witnesses those who were present when the offense was
   committed does not extend to persons who participated in the
   crime, but where participants do admit participation, their re-
   fusal to answer questions on the basis of self-incrimination
   would deny the accused on trial of his constitutional right of
   confrontation (Const 1963, art 1, § 20).

3. JURY—COMPOSITION—IMPROPER SELECTION.

   Rule that judgments will be reversed where based on verdicts of
   jury panel which had been improperly selected is a rule to be
   applied prospectively only.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 309 *et seq.*
[2] 21 Am Jur 2d, Criminal Law § 333 *et seq.*
[3] 31 Am Jur, Jury § 129.
[4] 21 Am Jur 2d, Criminal Law § 115 *et seq.*

4. CRIMINAL LAW—PARTICIPANTS.

> All participants in an armed robbery where a gasoline station attendant was struck with a rubber hammer are as guilty of the violence as the one who hit the attendant and the fact the driver of the getaway car received more severe punishment than the 2 participants who were actually involved in the violence is not error, where the record reveals that a basis for distinguishing between the punishment of the participants could be drawn from facts such as age of the parties, the criminal record, and violation of paroles (CLS 1961, § 750-.797).

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 October 3, 1967, at Lansing. (Docket No. 2,653.) Decided March 27, 1968. Leave to appeal granted June 26, 1968. See 381 Mich 757.

William R. Henderson was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Flanigan,* Prosecuting Attorney, for the people.

*Norman D. Beauchamp,* for defendant.

McGREGOR, P. J. During the early morning hours of March 16, 1966, a lone gasoline station attendant in Port Huron was attacked at the station by 2 young men, one of whom struck the attendant with a rubber hammer. After taking approximately $50 from the attendant, the 2 men fled in a waiting auto. On the afternoon of the same day, one of the youthful bandits, in the company of his aunt and uncle, voluntarily turned himself in to the police and implicated the defendant as the driver of the getaway auto. Subsequently, the testimony of this youthful participant in the robbery became the key witness at the defendant's separate trial. The trial resulted

in a jury verdict of guilty of armed robbery* and a sentence of 10 to 20 years in prison.

At the trial of the defendant, both of the participants who were actually in contact with the gasoline station attendant, and who had not yet been tried, were produced by the prosecutor. The witness who had voluntarily surrendered to the police took the stand and gave lengthy testimony about the violent robbery of the station attendant. The attorney for this participant was seated at the same table with the prosecutor during the testimony. Two objections to specific cross-examination questions were made by the attorney, one objection being sustained, and one being overruled. After testimony of the first participant, the other participant, who was in contact with the station attendant, was called as a witness. This second participant witness took the stand but the prosecutor asked no questions. When the attorney for the defendant attempted to cross-examine this second witness, his attorney, who was also seated at the prosecutor's table, stated that this second witness was refusing to testify because it might tend to incriminate him.

Defendant now seeks a new trial on several theories. First, defendant claims that the presence of the attorneys for the participant witnesses at the prosecutor's table denied him a fair trial, in that it appeared that the defendant faced an array of prosecutors and that the jury had not been questioned on *voir dire* as to connections with the attorneys who appeared to the jury to be additional prosecutors. Second, defendant claims the prosecution violated its duty to present all of the *res gestae* when the participants failed to testify. Third, defendant claims he was denied a fair trial because

---

* CLS 1961, § 750.529 (Stat Ann 1968 Cum Supp § 28.797).

the jury panel in St. Clair county was improperly selected. This issue was not raised in the trial court and is based upon this Court's holding in *Robson* v. *Grand Trunk Western Railroad Company* (1966), 5 Mich App 90, that the jury panel in St. Clair county was improperly selected, which opinion was released subsequent to defendant's trial. Finally, defendant raised an issue in the oral argument which was not included in the briefs, that the defendant's sentence was more severe than the punishment administered to the participants who admittedly engaged in the violent aspects of the robbery.

The first issue involves an interplay between the constitutional right against self-incrimination, US Const, Am 5 (Mich Const 1963, art 1, § 17), and the right to counsel, US Const, Am 6, (Mich Const 1963, art 1, § 20). An accused is entitled to counsel at all critical stages of the legal proceedings flowing from his arrest. A trial of a participant at which the accused is called upon to relate the story of a crime is indeed a critical stage and, therefore, an accused is entitled to have counsel present while testifying. A participant, however, by taking the stand and admitting participation in a crime waives his right against self-incrimination to the details of the crime.

"Since the privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure, petitioner cannot invoke the privilege where response to the specific question in issue here would not further incriminate her. Disclosure of a fact waives the privilege as to details." *Rogers* v. *United States* (1951), 340 US 367, 372, 373 (71 S Ct 438, 442, 95 L Ed 344, 349, 19 ALR2d 378); *People* v. *Esse* (1967), 8 Mich App 362.

To allow a participant to testify as to participation in a crime and then permit him to refuse to answer certain questions on the basis of possible self-incrimination would deny the accused on trial the constitutional right of confrontation. Const 1963, art 1, § 20; *People* v. *Lewis* (1940), 294 Mich 684; *People* v. *Esse, supra.*

In the instant case we have no breach of proper procedures as the participant who chose to testify answered all direct and cross-examination questions posed to him concerning the crime itself. The other participant witness, admitting nothing except his name and address, relied upon his right against self-incrimination. There is no showing that the defendant is entitled to a new trial because of any improper application of the principles under the constitutional right against self-incrimination.

A closer look is required at the defendant's claim of violation of the principles under the participant's right to counsel. There is a fine line between proper representation of a client called to testify in a trial of a participant and improper participation of counsel for the witness in the prosecution of the accused. Trial judges are admonished to be diligently watchful for any breach of approved representation. In the instant case, we find the line was not crossed. Due regard is given to the fact that the trial judge clearly instructed the jury as to the limited capacity of the attorneys for the participant witnesses before their attorneys were allowed to participate in the trial. There are some minor errors evident in the transcript of this difficult area of procedure; however, few trials are completely free from error and we are content that, on this point, the error did not result in a miscarriage of justice requiring a new trial. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

On the second issue, this Court could engage in a long discourse concerning the exceptions to the *res gestae* rule that participants need not be called by a prosecutor as *res gestae* witnesses. *People* v. *Baker* (1897), 112 Mich 211; *People* v. *Raider* (1931), 256 Mich 131. Also, see 1 Gillespie, Michigan Criminal Law & Procedure, § 393, p 477. Such a discourse is not necessary, however, as the witness was properly indorsed, CLS 1961, § 767.40 (Stat Ann 1968 Cum Supp § 28.980), and was called. This participant invoked his constitutional right to refrain from testifying because of possible self-incrimination. No reversible error is present on this issue.

In *Robson* v. *Grand Trunk Western Railroad Company, supra,* this Court reversed a judgment of a St. Clair county court, based on a jury verdict, because of the improper selection of the jury panel. Because of the confusion which can result in the retroactive application of such sweeping rulings as the *Robson Case,* these rulings are often held to be prospective only. We hold that the rule set out in *Robson* should only apply prospectively and, therefore, presents no grounds for a new trial in this case.

Finally, there is the matter of the unequal sentences of the participants in the robbery. We find no merit in the defendant's clear implication that something is amiss because the two participants who actually were involved in the violence received lighter punishment than the defendant who drove the getaway car. In this case, all the participants are as guilty of the violence as the one whose hand held the hammer as it crashed against the skull of the gasoline station attendant. CL 1948, § 767.39 (Stat Ann 1954 Rev § 28.979). The record reveals that a basis for distinguishing between the punishment of the participants could be drawn from facts

such as the age of the parties, their previous criminal records, and violations of paroles. Accordingly, we find no reversible error on the final point.

Affirmed.

LEVIN and QUINN, JJ., concurred.