## PEOPLE v. HENDERSON.

1. WITNESSES—SELF-INCRIMINATION—PARTICIPATION IN TRIAL.

A witness who is not a party to an action may refuse to answer questions on the ground that his answer may tend to incriminate him, but his right of such refusal does not constitute a right to participate in the trial itself (US Const, Am 5; Mich Const 1963, art 1, § 17).

2. SAME—EXAMINATION OF OTHER WITNESSES—ADDRESSING COURT—OBJECTION TO EVIDENCE.

A witness who is not a party to an action has no right to examine or cross-examine other witnesses in the case, make an argument to the jury, address the court except by court's permission, nor object to the materiality, relevance, or admissibility of evidence offered by the parties.

3. SAME—OBJECTION TO QUESTIONS—MOTION TO STRIKE.

A witness who is not a party to an action may not object to the materiality, relevance, or admissibility of any question asked by counsel for the parties, nor may the witness move to strike anything from the record of the cause.

4. SAME—RIGHT TO COUNSEL—PARTICIPATION IN TRIAL BY COUNSEL.

A witness in an action has a right to hire his own lawyer and to be advised by such counsellor before taking the stand or at recess; however, a lawyer for a witness cannot do for a witness what a witness cannot do for himself; thus an attorney who

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 36, 368.
[2] 58 Am Jur, Witnesses § 614 et seq.
[3] 37 Am Jur, Motions, Rules, and Orders § 7.
    53 Am Jur, Trial § 147 et seq.
[4-8] 7 Am Jur 2d, Attorney at Law § 112.
[4, 7, 8] 21 Am Jur 2d, Criminal Law § 309 et seq.
[5-8] 58 Am Jur, Witnesses § 48.

does not represent a party to the litigation has no basis for participating as an advocate before the bar where his client is only a witness.

5. ATTORNEY AND CLIENT—PARTICIPATION IN TRIAL.

An attorney who does not represent one of the parties to the litigation may not participate as an advocate before the bar.

6. CONSTITUTIONAL LAW—DUE PROCESS—PARTICIPATION BY COUNSEL FOR A WITNESS.

Participation in a trial by counsel for a witness is offensive to our adversary system and thus a denial of due process of law to an objecting party.

7. WITNESSES—EXTENT OF ASSISTANCE OF COUNSEL.

The fact that a witness in a criminal case has a right to the assistance of counsel does not endow his counsel with any special powers of assistance, and although counsel has the right to advise his client to speak or not to speak, to answer questions or not to answer them, he cannot prevent the prosecutor from obtaining a subpoena for the client to testify in another case.

8. SAME—EXTENT OF ASSISTANCE OF COUNSEL.

An attorney's client who chooses to testify in another defendant's case has a constitutional right to the assistance of counsel only to the extent of being afforded the advice of counsel with respect to the testimony of the witness, and the advice so given must be given only at such times and in such manner as does not deprive the actual defendant in the prosecution of his right to a fair, impartial, and adversary trial.

Appeal from Court of Appeals, Division 2, McGregor, P. J., and Quinn and Levin, JJ., affirming St. Clair, Streeter (Halford I.), J. Submitted February 5, 1969. (Calendar No. 9, Docket No. 52,003.) Decided November 3, 1969.

10 Mich App 333, reversed.

William R. Henderson was convicted of armed robbery. Defendant appealed to the Court of Appeals. Affirmed. Defendant appeals. Reversed, and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Ronald J. Flanigan,* Prosecuting Attorney, for the people.

*Norman D. Beauchamp,* for defendant.

T. E. BRENNAN, C. J.

## THE CASE.

For the purpose of this opinion, the case can be stated very simply. Defendant was convicted upon a trial in which counsel for one of the State's witnesses was allowed to sit ahead of the rail and address the court, making objections to questions put to his client by the defendant's lawyer.

A more detailed statement of the facts is contained in the opinion of the Court of Appeals.[1]

## THE ISSUE.

Is participation in a trial by counsel for a witness a denial of due process to an objecting party?

## THE OPINION.

A witness who is not a party to an action may refuse to answer questions on the ground that his answer may tend to incriminate him.[2] But his right to refuse to answer does not constitute a right to participate in the trial itself.

A witness who is not a party has no right to examine or cross-examine other witnesses in the case. He is not permitted to make any argument to the jury, nor even to address the court, except with permission. He may not object to the materiality, relevance, or admissibility of evidence offered by the parties.

---

[1] *People* v. *Henderson* (1968), 10 Mich App 333.
[2] See US Const, Am 5; Mich Const 1963, art 1, § 17.—REPORTER.

Similarly, a witness who is not a party may not object to the materiality, relevance, or admissibility of any question asked by counsel for the parties, nor may a witness move to strike anything from the record of the cause.

A lawyer for a witness cannot do what the witness himself cannot do.

A witness to a lawsuit has a perfect right to hire his own lawyer, and have him attend the trial as a spectator. He has a right to the advice of his counsellor before taking the stand or during any recess. In a proper case, the court in its discretion might grant a recess for that very purpose.

But if an attorney does not represent one of the parties to the litigation, there is no basis for him to participate as an advocate before the bar.

If he objects, and his objection is sustained erroneously, against whom is the error committed? Against whom is the appeal to be taken? If his objection be overruled erroneously, can the error be saved to the witness? Surely witnesses have no right of appeal.

A decision to object or not object is often a matter of trial strategy. On whose doorstep is that strategy to be laid?[3]

---

[3] The instant case provides an excellent example.

"*Q.* Mr. Armstrong, a day or so before this occurrence occurred were you not picked up by the police for carrying a concealed weapon?

"*A.* Yes, sir.

"*Q.* What weapon was that?

"*A.* A '22-caliber blank pistol.

"*Mr. Cummings:* I will object to this line of questioning, Your Honor. This witness was not picked up. He was stopped by the police department, but he was not picked up and he was not carrying a concealed weapon.

"*Mr. Beauchamp:* I believe the witness has testified to the opposite.

"*Mr. Cummings:* Were you brought to the police station, Wayne?

"*A.* Yes, sir.

"*Mr. Cummings:* At the time you were stopped?

"*A.* Yes.

The notion of permitting witnesses' attorneys to participate in civil trials or in criminal trials generally is so inconsistent with our adversary system as to constitute a denial of due process of law, to an objecting party.

But it is argued that this is a narrower case, a criminal prosecution in which the witness is a participant in the offense charged, himself under indictment for the same offense, and entitled to the assistance of counsel at every critical stage of the proceeding against him. It is argued that the trial of a participant is a critical stage of the legal proceedings flowing from the witness' arrest, and therefore Federal constitutional decisions require that the witness have the assistance of counsel.

The argument is spurious. The issue is not whether the witness is entitled to counsel; the issue is whether the witness' counsel is entitled to participate in somebody else's trial.

The fact that a man has a right to the assistance of counsel does not endow his counsel with any special powers of assistance. Counsel has the right

---

"*Mr. Cummings:* Were you booked, fingerprinted?

"*A.* No, sir.

"*Mr. Beauchamp:* Your Honor, I am going to object to any cross-examination or recross by the prosecutor at this time.

"*Mr. Black:* I am going to make an objection on behalf of my client, Your Honor. The normal ground, as I understand, for impeaching a witness on credibility is conviction of a criminal offense and I would like to see a conviction if Mr. Beauchamp has it here or if he is just fishing around—

"*Mr. Beauchamp:* Your Honor, I think I have a right to go into the background of this person, which has been gone into extensively by the prosecutor, with respect to the credibility of this witness.

"*The Court:* I think Mr. Black has stated the rule correctly. As far as criminal affairs is concerned a person is innocent until proven guilty and convictions are the way of showing anything of that nature."

Note that the prosecutor, Mr. Cummings, did not state the rule of evidence as did Mr. Black, the witness' attorney. The prosecutor preferred rather to use the occasion to correct the testimony of the witness, even embarking upon some untimely redirect examination. The prosecutor undoubtedly ran this risk knowingly, expecting to be cut off in consequence of the defense counsel's anticipated objection.

to advise his client to speak or not to speak; to answer questions or not to answer questions; but he cannot prevent the prosecutor from obtaining a subpoena for the client to testify in another case.

If the client chooses to testify in the other defendant's case, then his constitutional right to the assistance of counsel consists only in being afforded the advice of counsel with respect to his testimony. That advice must be given only at such times and in such manner as does not deprive the actual defendant in those proceedings of his right to a fair, impartial, and adversary trial.

The Court of Appeals is reversed and the cause remanded for a new trial.

DETHMERS, KELLY, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred.

BLACK, J., did not sit.