PEOPLE v HOOPER

OPINION OF THE COURT

1. CRIMINAL LAW—TRIAL—MOTIONS—PRIOR CRIMINAL RECORD—EVI-
   DENCE—DISCRETION—RECORD.

   There is no merit to a claim that a trial judge committed
   reversible error by failing to exercise his discretion in denying
   a defendant's pretrial motion to exclude reference to defend-
   ant's prior criminal record where the record indicates that the
   trial judge did exercise his discretion in denying the motion.

2. CRIMINAL LAW—WALKER HEARING—REQUEST FOR ATTORNEY—CON-
   FESSION—WAIVER.

   A trial courts' determination at a *Walker* hearing that a confes-
   sion was voluntary and admissible, where the defendant had
   claimed to have requested an attorney at his initial incarcera-
   tion but later signed a written confession and waiver of his
   rights, was not reversibly erroneous.

DISSENT BY D. E. HOLBROOK, JR., J.

3. CRIMINAL LAW—POLICEMEN—JAILERS—DUTY TO COMMUNICATE—
   REQUEST FOR COUNSEL—AGENTS—NOTICE.

   *A jailer who is a duly assigned member of the police department*
   *has the duty to communicate and document any pertinent*
   *information, requests, or actions of those in his custody to the*
   *department and other authorized agents who are involved with*
   *the cases of those incarcerated; notice to one policeman that a*
   *defendant wishes to obtain counsel is sufficient to bind the*
   *entire police department and its agents, and the defendant is*
   *not required to reassert his rights.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial §§ 863, 869.
[2] 29 Am Jur 2d, Evidence §§ 189, 638, 640.
[3–5] 21 Am Jur 2d, Criminal Law § 312 *et seq.*
[6] 29 Am Jur 2d, Evidence §§ 523–596.

4. Criminal Law—Questioning—Police—Custody—Request for Counsel.

  *Questioning initiated by law enforcement officers must cease until an attorney is present where the person questioned has been taken into custody or otherwise deprived of his freedom of action in any significant way and he has indicated in any manner and at any stage of the process that he wishes to consult with an attorney before speaking.*

5. Criminal Law—Rights of Counsel—Statements of Defendant —Waiver—Burden of Proof.

  *A heavy burden rests on the government to demonstrate that a person knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel where, after the person states that he wants an attorney, questioning continues without the presence of an attorney and a statement is taken.*

6. Criminal Law—Appeal and Error—Confession—Voluntariness.

  *It is the function of the appellate court to make an independent determination of the voluntariness of a confession admitted at trial.*

Appeal from Kalamazoo, Donald T. Anderson, J. Submitted Division 3 January 6, 1975, at Grand Rapids. (Docket No. 18524.) Decided June 23, 1975. Leave to appeal applied for and, by order of the Supreme Court, defendant's conviction reversed and remanded for a new trial, 395 Mich —.

Leon Hooper was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Donald A. Burge,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: V. J. Brennan, P. J., and J. H. Gillis and D. E. Holbrook, Jr., JJ.

J. H. GILLIS, J. Defendant was found guilty by a jury of armed robbery. MCLA 750.529; MSA 28.797. He was sentenced on July 9, 1973, to a term of 8 to 20 years and appeals as a matter of right.

On appeal defendant asserts six assignments of error. We find that only two of these merit consideration. The other issues are controlled by the following cases: *People v Henderson,* 47 Mich App 53; 209 NW2d 326 (1973), *People v Roberson,* 55 Mich App 413; 222 NW2d 761 (1974), *People v McShan,* 53 Mich App 407; 219 NW2d 792 (1974), and *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973).

Defendant contends that the trial judge committed reversible error by failing to exercise his discretion in denying defendant's pretrial motion to exclude reference to defendant's prior criminal record. We have examined the record and determined that the trial judge did exercise his discretion in denying the motion. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

Defendant also contends that the trial court erred in determining that defendant's confession was voluntary and admissible. The trial court conducted a *Walker* hearing on October 26, 1972, and ruled that the signed statement was voluntary and admissible. In addition, the court ruled admissible several other statements which defendant made to police officers subsequent to his arrest, and ruled inadmissible two other statements. We find no reversible error in the court's determination on this issue.

In a supplemental brief, defendant raised a seventh issue. This assignment of error is without merit in the light of *People v Milton,* 393 Mich 234; 224 NW2d 266 (1974).

Affirmed.

D. E. Holbrook, Jr., J. *(dissenting)*. Due to the testimony at the *Walker* hearing,[1] I am compelled to dissent on the issue of the admission at trial of the defendant's statement.

During the hearing, there was testimony indicating the following sequence of events: (1) the defendant was taken into police custody around 1 a.m. on July 25, 1972, and processed through the normal booking routine; (2) the arresting officer advised the defendant of his rights under *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), immediately after the arrest while conveying the defendant to the police station; (3) shortly following his removal to a jail cell, the jailer, William Kirk, assisted the defendant in preparing petition forms for appointed counsel; (4) Detective Leon White was assigned the investigation of the armed robbery with which the defendant was charged at about 10:15 a.m. on July 25, 1972; and, (5) pursuant to his investigation, Detective White had the defendant brought to a nearby conference room at the jail for questioning.

Detective White testified that at this interview he explained the *Miranda* rules thoroughly to the defendant and was convinced that they were understood and waived. Detective White obtained a statement which he reduced to writing. The statement inculpated the defendant in the charged offense, supplying details and descriptions of the occurrence. Basically, the writing consisted of a summary of their discussion and the defendant's communications as well as a complete waiver of the rights set forth in *Miranda, supra.* The defendant's signature appears on the statement.

The crux of the problem is whether, once the

---

[1] *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

defendant has expressed an interest in obtaining appointed counsel, the state may seek a waiver of the right to have counsel present at any investigations and continue to interrogate the defendant.

Underlying this posturing of the issue is the view that the state is bound by the defendant's notice to the jailer that he wished to invoke his rights. It is fairly evident that a jailer, who is a duly assigned member of the police department, has the duty to communicate and document any pertinent information, requests, or actions of those in his custody to the department and other authorized agents who are involved with the cases of those incarcerated. *Thornton v City of Flint,* 39 Mich App 260, 269–271; 197 NW2d 485 (1972). This conclusion is not unwarranted, particularly since the jailer, William Kirk, did record other comments and admissions made by the defendant during the same period. It would be inherently unjust to expect a defendant to repeatedly alert each agent of the state of his request for counsel; such matters are routinely recorded in a defendant's file and the defendant should not be required to reassert his rights. Notice to one agent should be sufficient to bind the entire department and its agents. *Giglio v United States,* 405 US 150, 154; 92 S Ct 763, 765; 31 L Ed 2d 104, 109 (1972). In the case at bar, it might have been the case that the defendant misperceived the situation and assumed his petition had been denied.

In *Miranda v Arizona, supra* at 444–445, the court set forth the holding as follows:

" * * * the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custo-

dial interrogation, we mean *questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. * * * If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning."* (Emphasis supplied.)

Later, the court noted at 474–475,

*"If the individual states that he wants an attorney, the interrogation must cease until an attorney is pres-* *ent.* At that time, the individual must have an opportunity to confer with the attorney and to have him present during any subsequent questioning. *If the individual cannot obtain an attorney and he indicates that he wants one before speaking to police, they must respect his decision to remain silent.*

\* \* \*

"If authorities conclude that they will not provide counsel during a reasonable period of time in which investigation in the field is carried out, they may refrain from doing so without violating the person's Fifth Amendment privilege *so long as they do not question him during that time.*

"If the interrogation continues without the presence of an attorney and a statement is taken, *a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to retained or appointed counsel."* (Emphasis supplied.)

Thus, once the defendant indicated an interest in representation, the state was obliged to terminate its interrogation of him and provide counsel. After a review of the entire record, it is the function of the appellate court to make an independent determination of voluntariness, *People v Robinson,* 386 Mich 551, 557; 194 NW2d 709

(1972), *People v McGillen #1,* 392 Mich 251, 262–264; 220 NW2d 677 (1974), and my determination is that the state has failed to sustain its burden of proof in the case at bar.

*People v Lewis,* 47 Mich App 450; 209 NW2d 450 (1973), involved a similar, but factually less-compelling situation from that of the defendant, yet the Court reversed. The defendant in *Lewis, supra,* merely inquired "whether it was possible to obtain an attorney at that hour". When the police replied negatively, he responded with "forget it". The Court analyzed these facts, and applying the *Miranda* doctrine, held that further interrogation should have been suspended until counsel was secured. Therefore, the confession obtained through subsequent interrogation was determined inadmissible as the " 'forget it' did not constitute a voluntary, knowing, and intelligent waiver of the right to counsel". *People v Lewis, supra* at 453. *Lewis* is dispositive of this issue.

I am not unmindful of the recent decisions of *People v Smith,* 59 Mich App 25; 228 NW2d 826 (1975), and *People v Van Epps,* 59 Mich App 277; 229 NW2d 414 (1975). In *Smith,* the testimony conflicted as to whether the defendant requested counsel whereas here, the jailer expressly testified about providing assistance to the defendant in completing a petition form for counsel. In *Van Epps,* despite conflicting testimony, the Court determined that there was no request for counsel preceding the interrogation. Hence, in light of the factual situation in the instant case it was totally inappropriate for the state's agents to proceed with the interrogation of the defendant.

I would reverse defendant's conviction and remand for a new trial barring admission of defendant's confession.