PEOPLE v HOOPER

Docket No. 77-2524. Submitted January 5, 1978, at Grand Rapids.— Decided April 18, 1978. Leave to appeal applied for.

Leon Hooper was convicted of armed robbery in Kalamazoo County Circuit Court, Donald T. Anderson, J. He appealed. Affirmed, 62 Mich App 181; 233 NW2d 225 (1975). The Supreme Court in lieu of leave to appeal reversed the conviction and remanded for a new trial, 395 Mich 807; 235 NW2d 745 (1975). On retrial, defendant was again convicted and now appeals this second conviction contending that the trial court abused its discretion by refusing his request for a different attorney, based on a disagreement with his appointed counsel over the use of an alibi defense and the calling of on alibi witness, when it ruled that there was no adequate reason for replacing the attorney originally assigned to defendant. *Held:*

Substitute counsel should be appointed where there has been a breakdown between defendant and appointed counsel which is based upon substantial grounds, such as asserting an alibi defense; in this case, there was a genuine disagreement over the use of a substantial defense, and defendant's request for a different attorney should have been granted.

Reversed and remanded.

BEASLEY, J., dissents on the ground that there was no abuse of discretion in refusing defendant's request for substitution of counsel because defendant deliberately tried to delay and disrupt the trial, the attorney exercised professional judgment in not asserting an alibi defense and not calling an alibi witness, the disagreement between counsel and defendant did not deny defendant the use of a substantial defense, and did not present adequate cause for substitution of appointed counsel.

OPINION OF THE COURT

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 318–323.
   Indigent accused's right to choose particular counsel to assist him. 66 ALR3d 996.
   Constitutionally protected right of indigent accused to appointment of counsel in state court prosecutions. 93 ALR2d 747.

1. CRIMINAL LAW—ATTORNEY AND CLIENT—INDIGENT DEFENDANT—
   RIGHT TO COUNSEL—BREAKDOWN IN RELATIONSHIP—SUCCESSOR
   COUNSEL.

   An indigent defendant is not entitled to choose his own attorney
   simply by requesting that the attorney originally appointed be
   replaced; where there has been a breakdown in the relationship
   between a defendant and assigned counsel, however, and that
   breakdown is based upon substantial grounds successor counsel
   should be appointed.

2. CRIMINAL LAW—ATTORNEY AND CLIENT—INDIGENT DEFENDANT—
   DISAGREEMENT WITH COUNSEL—SUCCESSOR COUNSEL.

   Generally, disagreements involving professional judgment as to
   trial strategy do not constitute substantial grounds for appoint-
   ment of successor counsel.

3. CONSTITUTIONAL LAW—CRIMINAL LAW—ATTORNEY AND CLIENT—
   RIGHT TO COUNSEL—DISAGREEMENT WITH COUNSEL—SUCCESSOR
   COUNSEL.

   The jealous protection with which the law guards an accused's
   right to counsel requires appointment of a new attorney where
   there is genuine disagreement over the use of a substantial
   defense, such as alibi, in a criminal prosecution.

DISSENT BY BEASLEY, J.

4. CRIMINAL LAW—ATTORNEY AND CLIENT—INDIGENT DEFENDANT—
   RIGHT TO COUNSEL—TRIAL—PROCEDURAL DISAGREEMENT—SUB-
   STITUTION OF COUNSEL.

   *A trial judge did not abuse his discretion in refusing a defend-*
   *ant's request for substitution of counsel where the record*
   *indicates a deliberate studied effort by defendant to delay and*
   *disrupt his trial by making a belated claim at the time of jury*
   *selection that he wanted to assert an alibi defense, which was*
   *an obviously spurious effort to delay the trial since no notice of*
   *alibi had been given, there was no dereliction of duty or cause*
   *for discharge, and refusal to call defendant's suggested alibi*
   *witness was a wise exercise of professional judgment and trial*
   *strategy which was likely in the best interests of defendant;*
   *under these circumstances, the disagreement between counsel*
   *and defendant did not deny defendant the use of a substantial*
   *defense and did not present adequate cause for substitution of*
   *appointed counsel.*

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Stephen M. Wheeler,* Chief of Appellate Division, for the people.

*DeVries & Lamb, P. C.,* for defendant.

Before: D. F. WALSH, P. J., and R. M. MAHER and BEASLEY, JJ.

D. F. WALSH, P. J. Defendant was charged with armed robbery. MCLA 750.529; MSA 28.797. He was tried by a jury, convicted and sentenced to a term of 8 to 20 years imprisonment. He appealed and was granted a new trial. *People v Hooper,* 395 Mich 807; 235 NW2d 745 (1975), *reversing* 62 Mich App 181; 233 NW2d 225 (1975). On retrial, he was again convicted and again sentenced to 8 to 20 years in prison. He now appeals his second conviction.

On the second day of his second trial, defendant expressed dissatisfaction with the attorney assigned to represent him and requested the trial court to appoint a different attorney. The court made careful inquiry as to the basis for defendant's dissatisfaction, hearing from both the defendant and assigned counsel. Thereafter he ruled that there was no adequate reason for replacing the attorney originally assigned and denied the request.

An indigent defendant is not entitled to choose his own attorney simply by requesting that the attorney originally appointed be replaced. Where there has been a breakdown in the relationship between defendant and assigned counsel, however, and that breakdown is based upon substantial grounds successor counsel should be appointed.

*People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).[1]

Defendant in this case stated that he wished to assert an alibi defense requiring the testimony of a witness defense counsel was unwilling to call. Defense counsel confirmed that defendant had requested that the alibi defense be used but that he (defense counsel) rejected the request because, in his judgment, it would not have been in the defendant's best interests. The witness was not subpoenaed.

Normally, as the trial court properly ruled, disagreements involving professional judgment as to trial strategy do not constitute substantial grounds for appointment of successor counsel. The jealous protection with which the law guards an accused's right to counsel, however, requires appointment of a new attorney when there is genuine disagreement over the use of a substantial defense, such as alibi, in a criminal prosecution. *People v Charles O Williams,* 386 Mich 565; 194 NW2d 337 (1972).

Since such a dispute existed in this case, defendant's request for substitution of counsel should have been granted. Accordingly, we must reverse and grant new trial.

Reversed.

R. M. Maher, J., concurred.

Beasley, J. *(dissenting).* I respectfully dissent.

My reading of the record indicates a deliberate, studied effort by defendant to delay and disrupt his trial. The trial judge acted with commendable

---

[1] *See* American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services, § 5.3.

patience in considering defendant's effort to delay the on-going trial by an effort to fire his court-appointed counsel. There is no indication that defense counsel was derelict in his duty; no good cause was shown for his discharge.

On this record, I would find defendant's belated claim at the time of jury selection that he wanted to assert an alibi defense, where no notice of alibi had been given, was an obviously spurious effort to delay the trial.

In addition, it should be noted that the witness whom defense counsel was unwilling to call, Sandra Callington, was a witness at defendant's first trial on this charge. At that trial, she testified that defendant had been at her home on the evening of the robbery and had remained there until sometime between 1:00 and 1:30 in the morning. She admitted, however, that she recalled this only on the prompting of her husband. Evidence also indicated that defendant had been arrested *before* 1:00 on the morning in question, rendering the time sequence testified to by Mrs. Callington impossible. Given these circumstances, it would seem that counsel's unwillingness to call Mrs. Callington as a witness at defendant's second trial was based on sound reasons. Counsel indicated he had read the transcript from the previous trial twice; he should not be faulted for an apparently wise exercise of his professional judgment as to trial strategy.[1]

Disagreement between counsel and defendant did not, under the circumstances, deny defendant the use of a substantial defense, and, since refusal to call the disputed witness was likely in the best interests of defendant, the disagreement did not present adequate cause for substitution of appointed counsel. I would hold that there was no

---

[1] *People v Thompson,* 69 Mich App 465; 245 NW2d 93 (1976).

abuse of discretion by the trial judge in refusing defendant's request for substitution of counsel.[2]

Defendant's other claims of error are equally without merit.

I would affirm.

---

[2] *Spalding v Spalding*, 355 Mich 382, 384–385; 94 NW2d 810 (1959).